Chief Judge Desmond.
The only question of importance is the one answered in the affirmative by the Appellate Division: that is, was the agreement embodied in the memorandum unenforcible under the Statute of Frauds because of an omission from that paper of terms essential and previously agreed upon orally? Since the trial court’s instruction to the jury as to the applicable rule of law was not excepted to, it became the law of the case as charged by the court that any such omission would make the written agreement incapable of enforcement. However, the trial court sent to the jury also, as a question of fact, the issue of whether the parties had, prior to the signing of the writing, agreed on mortgage payment terms which never found their way into the writing. The testimony pointed to as establishing the affirmative of that proposition was given by plaintiff’s president Kaufman. His testimony could perhaps be read as meaning that before the signing of the paper the parties had come to a conclusive agreement as to interest and amortization payments on the mortgage, but the testimony was equally susceptible of the construction that this was mere discussion which never arrived at the point of agreement. The trial court was right, therefore, in treating it as a question of fact. The jury’s verdict for plaintiff was a finding that the document sued upon contained all the terms upon which the parties had agreed. Accordingly, the resulting judgment could not be reversed on the law. However, since the Appellate Division’s order states that the reversal is on the facts, as well as on the law, there must be a new trial.
The judgment should be reversed and a new trial granted, with costs to abide the event.
Judges Dye, Fuld, Van Voorhis and Foster concur with Chief Judge Desmond ; Judges Burke and Scileppi dissent and vote to affirm upon the memorandum in the Appellate Division.
Judgment reversed, etc.